LILIAN H. ANDREWS, receiver, *vs.* PHILIP W. MOEN,
administrator.

Worcester.    October 1, 1894. — October 19, 1894.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Foreign Corporation — Debt at Common Law — Equity — Fraud — Jurisdiction.*

A claim of a receiver of a corporation established under the laws of another
State, and having its place of business therein, for a part of a subscription for
its capital stock, is a simple claim for a debt, and is made nothing more by a
fraudulent but vain pretence of paying it.   Therefore a bill in equity cannot be
brought to compel its payment, and the equitable remedy, if any, must be pur-
sued in the State in which the corporation was organized.

BILL IN EQUITY, filed in the Superior Court by Lilian H.
Andrews, receiver of the Cary and Moen Company, a corpora-
tion established under the laws of the State of New York, and
having its place of business therein, to compel the defendant,
administrator of the estate of Philip L. Moen, to pay over a
balance of money and interest.

The bill alleged that the corporation was organized in the year
1888 for the purpose of succeeding a partnership consisting of one
A. Cary and one E. A. Moen, and bearing the name of Cary and
Moen, and in fact received assignments and conveyances of the
property of the partnership, and succeeded to its business ; that the
capital stock was one hundred and twenty-five thousand dollars
divided into twelve hundred and fifty shares at the par value of
one hundred dollars each ; that Philip L. Moen, late of Worcester,
the defendant's intestate, subscribed for and agreed to take and
pay par value for four hundred and forty-four shares and was
bound to pay to the corporation therefor the sum of forty-four
thousand and four hundred dollars ; that he did actually pay to
the corporation in cash, on June 18, 1888, the sum of four thou-
sand five hundred and ninety-five dollars and sixty-four cents,
and on June 20, 1888, the sum of three thousand seven hundred
and forty-nine dollars and ninety-nine cents, making a total of
eight thousand three hundred and forty-five dollars and sixty-
three cents, and the balance of said forty-four thousand and four
hundred dollars, to wit, thirty-six thousand and fifty-four dollars

and thirty-seven cents, was never paid in any legal and effectual manner, and the said Philip L. Moen remained liable in law and in equity, and his estate remains liable in law and in equity, to pay to said corporation, or the plaintiff as receiver, the balance, with interest thereon from June, 1888; that, with intent to defraud the future creditors of the corporation, and the corporation itself, Philip L. Moen, E. A. Moen, and Cary combined and conspired together, being the owners of a large majority of the stock of the corporation, and E. A. Moen and Cary being the officers and managers thereof, to cause the corporation to receive, in lieu of cash or other valuable property from Philip L. Moen in payment for the balance due for the said four hundred and forty-four shares of the said corporation, certain notes and claims which Philip L. Moen then held against the partnership of Cary and Moen, and in pursuance and execution of the conspiracy the claims were turned over to and received by the corporation in lieu of cash or other valuable property in alleged payment for the balance of the stock; that the claims against the partnership of Cary and Moen were then worthless and known to be so by said Philip L. Moen and E. A. Moen and Cary, and the alleged payment did not constitute any valid payment for the capital stock, and the same was a fraud upon the corporation and its future creditors, and was in violation of the statutes of the State of New York; that in aid of the combination and conspiracy, and as a part thereof, Philip L. Moen, E. A. Moen, and Cary combined and conspired together to cause the corporation to receive from the partnership of Cary and Moen all the property of the partnership, which was turned over to and received by the corporation at a grossly exaggerated and fictitious value, and to cause the corporation to assume the liabilities of the partnership, among which were the claims held as aforesaid by Philip L. Moen; that a very large part of the property on which the capitalization of the corporation was based was the nominal balance between the assets of the partnership so as aforesaid grossly exaggerated in value and placed at a fictitious value, and the liabilities thereof; that in fact, at the time the corporation was organized and at the time of the combination and conspiracy, the partnership of Cary and Moen was insolvent, and was known to be so by Philip L. Moen and by E. A. Moen and Cary, and the

property and assets of the partnership were of no value whatever above its liabilities, as the parties well knew, and the scheme was knowingly and designedly entered into by the parties with a view to defraud the corporation and its future creditors, by giving it a fictitious credit, and by making it appear that all its capital stock had been paid in in cash or its equivalent; that the corporation thereafter went on and did business, and incurred large liabilities between the date of its organization and April, 1891, and credit was given it by its present creditors on the faith that its capital stock had all been paid in in cash, or its equivalent, and in ignorance of the combination and conspiracy by which a large part of the capital stock was issued to Philip L. Moen without any payment of value therefor; that the excess of the liabilities of the corporation above all its assets was about one hundred thousand dollars, and in the Supreme Court of the State of New York in and for the City and County of New York proceedings were pending, the said Andrews having. been duly appointed receiver, wherein all creditors had an opportunity to prove their claims, and the design of which was to distribute by due process of law *pro rata* among the creditors all the assets of the corporation ; that by reason of the said combination and conspiracy, and the transactions hereinbefore set forth done in furtherance and in execution thereof, by force of his subscription and of the law of the State of New York Philip L. Moen was bound to pay the whole amount of his subscription for the capital stock in money, and was therefore bound to pay the balance of thirty-six thousand and fifty-four dollars and thirty-seven cents to the corporation, due for the shares subscribed for by him as aforesaid ; and that the same had never been paid and was still due from his estate.    The prayer was that the defendant be decreed to pay said balance and interest.

The defendant demurred to the bill, assigning among other grounds of demurrer want of jurisdiction, want of equity, and a complete remedy at law.    The demurrer was sustained by *Aldrich*, J., and the plaintiff appealed to this court.

*F. P. Goulding*, (*F. L. Dean* with him,) for the plaintiff.

*W. S. B. Hopkins & C. M. Rice*, (*H. W. King* with them,) for the defendant.

HOLMES, J.    This bill is brought to compel the payment of part of a subscription for stock in the company of which the

plaintiff is receiver. It does not appear sufficiently that the receiver has a *locus standi* outside of New York; but if it be assumed that he has, the claim is a simple claim for a debt, and is made nothing more by the allegations that there has been a fraudulent but vain pretence of paying it, of a kind which does not need the aid of equity to set it aside. That is all that the other allegations of the bill amount to. It is averred that the defendant's intestate attempted to defraud future creditors of the corporation and the corporation by turning over worthless notes and claims in satisfaction of the balance remaining due for the stock, but that the attempt was so far vain that there was no valid satisfaction. In fact it is alleged in terms that the estate in the defendant's hands " remains liable in law and in equity to pay " the balance. This being so, there is no ground for taking jurisdiction in equity. The claim does not arise out of the alleged frauds; it simply has failed to be defeated by them, either at law or in equity. If in New York equity might take jurisdiction, we presume that it would be only as a means of winding up and adjusting the relations between the company, the creditors, and the stockholders under the local statutes; a matter which we are not asked to attempt and should not attempt. What remedies might be open in the courts of that State to protect the rights of creditors, we have no occasion to consider.

We may add, that, as we understand the bill, the claims turned over were valid claims against the partnership which the corporation succeeded, and they were worthless only in the sense that the partnership was insolvent, and that the whole transaction by which the corporation assumed its assets and liabilities was a fraud. But the bill does not attempt to undo that transaction, and it is hard to see how the plaintiff can repudiate the satisfaction accepted from the defendant's intestate without returning what the corporation received. However, as the bill goes on the footing of such a repudiation, there is no jurisdiction on the ground of an account to be taken of the sums, if any, properly to be allowed the defendant for the notes and claims transferred by his intestate.

*Bill dismissed.*